IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TERROR TOURS LLC § § *Plaintiff*, § vs. § § US GHOST ADVENTURES LLC § § *Defendant*. § § | Case No. 1:24-cv-00163<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Terror Tours LLC ("Terror Tours") brings this action against defendant US Ghost Adventures LLC ("US Ghost") and alleges:

**THE PARTIES**

**1.** Terror Tours is a limited liability company organized and existing under the laws of Virginia, and having an address within this judicial district at 6212 U.S. 290, Johnson City, Texas 78636.

**2.** On information and belief, US Ghost is a limited liability company organized and existing under the laws of Virginia and having a business address at 1006 Richmond Road, Suite 300, Williamsburg, Virginia 23185. US Ghost has designated its registered agent for purposes of service of process as Lance Zaal and has designated its registered agent address as 1006 Richmond Road, Suite 300, Williamsburg, Virginia 23185, where US Ghost can be served. US Ghost is doing business within this judicial district, including business using its infringing name to conduct business in competition with Terror Tours within this judicial district.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, false designation of origin, unfair competition, and unjust enrichment arising under the provisions of the Trademark Laws of the United States of America, Title 15, United States Code, also known as the Lanham Act, and the laws of the State of Texas.

4. Subject-matter jurisdiction over Terror Tours' claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121.

5. On information and belief, US Ghost has engaged in tortious acts of trademark infringement, false designation of origin, and unfair competition within the State of Texas and within this judicial district, the results of which have been felt by and caused injury to Terror Tours within this judicial district.

6. On information and belief, US Ghost has advertised its guided ghost tour services in Texas and in this judicial district in direct competition with Terror Tours' guided ghost tour services using the mark "Boos and Booze," which is confusingly similar to Terror Tours' "Booze and Boos Tours" trademark, and has used its confusingly similar name to conduct its guided ghost tour services within this judicial district.

7. On information and belief, US Ghost has placed its guided ghost tour services into the stream of commerce in the State of Texas and in this judicial district with the expectation that such services would be offered for sale, marketed, advertised, promoted, and purchased by consumers located within the State of Texas and within this judicial district.

8. US Ghost is subject to personal jurisdiction in the State of Texas and this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

**TERROR TOURS & ITS TRADEMARK RIGHTS**

10. Terror Tours is in the business of conducting guided haunted ghost tours and haunted pub crawls in numerous cities around the United States, including in Austin, Texas. One of those tours, which Terror Tours provides in Austin, Texas, is provided by Terror Tours under its federally-registered trademark "Booze and Boos Tours."

11. Terror Tours commenced use of its "Booze and Boos Tours" trademark in the United States in connection with its guided haunted ghost tours of cities and historical sites, including guided walking tours and haunted pub crawls, at least as early as August 19, 2019. Since that time, Terror Tours has continuously and exclusively used its "Booze and Boos Tour" mark in connection with its guided tour services. As a result, Terror Tours has developed significant consumer goodwill and recognition corresponding to its "Booze and Boos Tours" mark.

12. Terror Tours has developed valuable trademark rights in its "Booze and Boos Tour" mark and obtained a corresponding federal trademark registration for a variety of guided tour services. Terror Tours owns United States Trademark Registration No. 7,726,505 ("the '505 registration"), a true and correct copy of which is attached hereto as Exhibit A and fully incorporated herein by reference. The '505 registration is valid and subsisting.

13. Terror Tours markets and promotes its guided tour services under its "Booze and Boos Tours" mark in a variety of ways, including by displaying its "Booze and Boos Tours" mark on its website, on-line advertisements, social media, and printed brochures.

14. As a result of Terror Tours' marketing and promotional efforts, Terror Tours has developed and owns valuable trademark rights in its "Booze and Boos Tours" trademark, including significant consumer goodwill and recognition corresponding to its "Booze and Boos Tours" mark nationwide, including in Texas and the Austin, Texas area. Terror Tours has developed a national

reputation around the United States connected to its "Booze and Boos Tours" brand for providing exemplary and high-quality guided ghost tour services.

15. As a result of Terror Tours' substantial use and promotion of its "Booze and Boos Tours" mark, the mark has acquired great value as a specific identifier of Terror Tours and its guided ghost tour services, and it also serves to identify and distinguish Terror Tours' guided ghost tour services from those of others.

16. Consumers readily recognize Terror Tours' "Booze and Boos Tours" mark as a distinctive designation of the origin of Terror Tours' "Booze and Boos Tours" branded guided ghost tour services. The "Booze and Boos Tours" mark is an intellectual property asset of considerable value as a symbol of Terror Tours and its high-quality guided ghost tour services, reputation and goodwill.

## US Ghost's Infringing Activities

17. US Ghost is a direct competitor of Terror Tours in the guided ghost tour and pub crawl business. Terror Tours has discovered that US Ghost is infringing on Terror Tours' "Booze and Boos Tour" trademark by conducting guided ghost tours and pub crawls under the confusingly similar name "Boos and Booze." Attached hereto as Exhibit B is a true and correct copy of a page from US Ghost's website evidencing US Ghost's infringement in this judicial district.

18. Terror Tours is the senior user of its "Booze and Boos Tours" trademark. Prior to US Ghost's first use of the "Boos and Booze" name, Terror Tours had already long since commenced use of, and established ownership of, its "Booze and Boos Tours" trademark in connection with its guide tour business across the United States, including in the Austin area. US Ghost did not start its infringing use of the "Boos and Booze" name until well after Terror Tours had first used and established ownership of its "Booze and Boos Tours" trademark.

19. US Ghost's wrongful conduct creates the likelihood that consumers will be confused and mistakenly contact US Ghost and do business with it instead of Terror Tours, or provide reviews for the wrong company. In fact, US Ghost's use of the "Boos and Booze" name in connection with its guided tour services has caused actual confusion in the marketplace. Consumers who have purchased US Ghost's "Boos and Booze" guided tour have complained to Terror Tours about US Ghost's services, thinking that those services had been provided by Terror Tours, thereby causing harm to Terror Tours.

20. Based on US Ghost's infringing activities, consumers will likely perceive some connection or association between Terror Tours and US Ghost as to source, sponsorship, or affiliation, even though no such connection or association exists.

21. US Ghost's actions have enabled it to trade off of and receive the benefit of the goodwill and advantages built up by Terror Tours through its continuous and exclusive use of Terror Tours' "Booze and Boos Tours" mark.

22. The guided tour services that US Ghost has provided in connection with the "Boos and Booze" name are the same or confusingly similar to the guided tour services that Terror Tours provides under its "Booze and Boos Tour" trademark.

23. The consumers to whom US Ghost has advertised and marketed its guided tour services using the "Boos and Booze" name are the same class of consumers to whom Terror Tours advertises and markets its "Booze and Boos Tours" guided tour services.

24. Terror Tours and US Ghost market and advertise their respective guided tour services through similar channels, including through their websites, social media (*e.g*, Facebook), and internet presence.

**WILLFULNESS**

25.     Upon information and belief, US Ghost has had actual knowledge of Terror Tours and its "Booze and Boos Tours" trademark, yet has continued its acts of infringement, unfair competition and false designation of origin complained of herein.  Upon information and belief, US Ghost's alleged wrongful acts have been willful, deliberate and intentional, and done with the intent to trade on Terror Tours' reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that US Ghost's "Boos and Booze" guided tour services are associated with, sponsored by, originated from, or approved by Terror Tours, when they are not.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## [15 U.S.C. § 1114]

26.     Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

27.     Terror Tours is the owner of a valid and enforceable United States trademark registration for its "Booze and Boos Tours" mark, namely, the '505 registration.

28.     US Ghost has used in commerce, without Terror Tours' permission, a colorable imitation and/or confusingly similar mark to Terror Tours' "Booze and Boos Tours" mark that is the subject of the '505 registration in connection with the sale, offer for sale, advertisement, promotion and provision of guided tour services, which is likely to cause confusion or mistake, or to deceive.

29.     US Ghost's use of its "Boos and Booze" name in connection with its guided tour services and without Terror Tours' permission has caused, or is likely to cause, confusion, mistake or deception, and the public is likely to believe mistakenly that US Ghost and its guided tour

services have their source or origin with Terror Tours, or are in some manner approved by, associated with, sponsored by or connected with Terror Tours, all in violation of 15 U.S.C. § 1114.

30. US Ghost's acts of infringement have caused damage to Terror Tours, and Terror Tours is entitled to recover from US Ghost the damages sustained by Terror Tours as a result of US Ghost's wrongful acts in an amount subject to proof at trial.

31. As a consequence of the infringement complained of herein, Terror Tours has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless US Ghost is enjoined by this Court from committing further acts of infringement, for which Terror Tours has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION
## [15 U.S.C. § 1125(a)]

32. Terror Tours repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

33. Terror Tours is the owner of valid and enforceable trademark rights in its "Booze and Boos Tours" mark in connection with its guided haunted ghost tour and pub crawl services.

34. US Ghost's use of the "Boos and Booze" name as alleged above constitutes unfair competition and false designation of origin that is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of US Ghost with Terror Tours, and as to the origin, sponsorship, or approval of US Ghost's guided ghost tour and pub crawl services, all in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

35. US Ghost's acts of unfair competition and false designation of origin under § 43(a) of the Lanham Act have caused damage to Terror Tours, and Terror Tours is entitled to recover

from US Ghost the damages sustained by Terror Tours as a result of US Ghost's wrongful acts in an amount subject to proof at trial.

36. As a consequence of the violations of § 43(a) complained of herein, Terror Tours has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless US Ghost is enjoined by this Court from committing further acts of unfair competition and false designation of origin, for which Terror Tours has no adequate remedy at law.

### COUNT III
### TEXAS TRADEMARK INFRINGEMENT
### [COMMON LAW]

37. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

38. US Ghost has used in commerce, without Terror Tours' permission, the "Boos and Booze" name, which is confusingly similar to Terror Tours' "Booze and Boos Tours" mark in connection with the sale, offer for sale, advertisement, promotion and provision of US Ghost's guided ghost tour and pub crawl services, which is likely to cause confusion or mistake, or to deceive.

39. US Ghost's use of the "Boos and Booze" name in connection with US Ghost's guided tour services and without Terror Tours' permission is likely to cause confusion, mistake or deception, and the public is likely to believe mistakenly that US Ghost and its services have their source or origin with Terror Tours, or are in some manner approved by, associated with, sponsored by or connected with Terror Tours. US Ghost has infringed Terror Tours' trademark rights under Texas common law.

**40.** US Ghost's acts of infringement have caused damage to Terror Tours, and Terror Tours is entitled to recover from US Ghost the damages sustained by Terror Tours as a result of US Ghost's wrongful acts in an amount subject to proof at trial.

**41.** As a consequence of the infringement complained of herein, Terror Tours has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless US Ghost is enjoined by this Court from committing further acts of infringement, for which Terror Tours has no adequate remedy at law.

### COUNT IV
### TEXAS UNFAIR COMPETITION
### [COMMON LAW]

**42.** Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

**43.** US Ghost's use of its confusingly similar name in violation of Terror Tours' trademark creates a likelihood of confusion and constitutes unfair competition against Terror Tours under Texas common law.

**44.** US Ghost's acts of unfair competition have caused damage to Terror Tours, and Terror Tours is entitled to recover from US Ghost the damages sustained by Terror Tours as a result of US Ghost's wrongful acts in an amount subject to proof at trial.

**45.** As a consequence of the unfair competition complained of herein, Terror Tours has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless US Ghost is enjoined by this Court from committing further acts of unfair competition, for which Terror Tours has no adequate remedy at law.

## COUNT V
## TEXAS UNJUST ENRICHMENT
## [COMMON LAW]

**46.** Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

**47.** Based on US Ghost's infringement of Terror Tours' trademark, US Ghost has unjustly enriched itself at Terror Tours' expense. US Ghost has wrongfully secured and has received benefits, including revenues and profits through use of Terror Tours' trademark. US Ghost secured these benefits by taking undue advantage of Terror Tours and its trademark rights.

**48.** It would be unconscionable to allow US Ghost to retain these benefits. Equity and good conscience dictate that US Ghost not be permitted to retain the profits and benefits from its infringement of Terror Tours' trademark.

**49.** Terror Tours has been damaged monetarily in a sum which cannot be ascertained at this time.

**50.** Terror Tours has no adequate remedy at law to prevent US Ghost's unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Terror Tours prays for entry of judgment that:

**A.** US Ghost has committed acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment, and that the Court enter judgment in Terror Tours' favor on all of its claims;

**B.** Terror Tours be awarded all monetary remedies to which it is entitled under federal law and Texas state law, including all profits realized by US Ghost and all damages sustained by

Terror Tours, and that US Ghost be ordered to account to and pay Terror Tours for any and all profits derived by US Ghost by virtue of US Ghost's wrongful acts complained of herein;

  C. The amount of damages be trebled and that the amount of profits be increased as many times as the Court deems appropriate according to proof, pursuant to 15 U.S.C. § 1117;

  D. Terror Tours be awarded punitive damages against US Ghost in light of the willful, wanton, egregious, and malicious nature of US Ghost's wrongful acts complained of herein, which were carried out in reckless disregard for Terror Tours' rights;

  E. Terror Tours be granted permanent injunctive relief enjoining US Ghost and its agents, servants, employees and those persons in active concert or participation with it from further acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment, including an injunction enjoining US Ghost from continuing use of any mark including "Booze and Boos," "Booze," "Boos," or any other name confusingly similar to "Booze and Boos Tours" in connection with US Ghost's guided tour services;

  F. US Ghost be ordered to deliver and destroy all products and materials bearing any mark including "Boos and Booze," "Booze," "Boos," or any other name confusingly similar to "Booze and Boos Tours," and all plates, molds, matrices and other means of making same, pursuant to 15 U.S.C. § 1118 and applicable law;

  G. US Ghost be ordered to take all necessary actions to accept and publicly acknowledge ownership of all negative reviews caused by US Ghost but confusingly attributed to Terror Tours;

  H. US Ghost be ordered to file with this Court and serve on Terror Tours within thirty (30) days after the service of the Court's injunction, a report, in writing, under oath, setting forth

in detail the manner and form in which US Ghost has complied with this Court's injunction pursuant to 15 U.S.C. § 1116;

**I.**     Terror Tours be granted pre-judgment and post-judgment interest on the damages caused to it by reason of US Ghost's wrongful acts complained of herein;

**J.**     Terror Tours be granted its reasonable attorneys' fees;

**K.**     Terror Tours be awarded its costs; and,

**L.**     Terror Tours be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Terror Tours demands trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 16, 2024     By: /s/     *C. Dale Quisenberry*
C. Dale Quisenberry
Texas State Bar No. 24005040
dale@quisenberrylaw.com
QUISENBERRY LAW PLLC
13910 Champion Forest Drive, Suite 203
Houston, Texas 77069
Telephone: (832) 680-5000
Facsimile: (832) 680-5555

ATTORNEYS FOR TERROR TOURS LLC